# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES V. HOWARD,

    Plaintiff,

    v.

BUREAU OF PRISONS, ET AL.,

    Defendants.

CIVIL ACTION NO. 3:05-CV-1372

(JUDGE CAPUTO)

## **MEMORANDUM**

Before me is Plaintiff's Motion for Appointment of Counsel. (Doc. 6.) Plaintiff offers the following reasons in support of his motion: (1) he cannot afford counsel; (2) imprisonment will limit his ability to prepare his case which is complex and will require significant research. He also states that he has "virtually no access to the prison law library and limited knowledge of the law." (*id*); (3) the case will involve conflicting testimony, and counsel will be better able to cross examine witnesses; and, (4) plaintiff was never a civil litigant before this case.

## **DISCUSSION**

In determining whether to appoint counsel for Plaintiff, I must review the factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993) *cert. denied*, 510 U.S. 1196; 114 S. Ct. 1306 (1994). I must first determine whether Plaintiff's claim has arguable merit. *Id.* at 155. Plaintiff alleges Eighth Amendment violations in this *Bivens* action. He alleges a variety of actions by various defendants that were deliberately indifferent in circumstances where Plaintiff faced a substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). There is therefore arguable merit to the Plaintiff's case based upon the pleadings.

I turn now to the other *Tabron* factors, namely, (1) the ability to pay for counsel; (2)

the ability to present the case *pro se*; (3) whether the legal issues are complex; (4) whether a factual investigation is required, and the ability of the Plaintiff to conduct such an investigation; (5) whether the case will turn on credibility determinations; and, (6) whether expert testimony is needed. *Tabron*, 6 F.3d at 155.

I will consider each of these factors in relation to Plaintiff's case.

1. **Ability to Pay.** Since Plaintiff has been granted *in forma pauperis* status, he does not have the means to pay for counsel.

2. **Ability to Present the Case.** The complaint is written in clear and concise fashion and adequately expresses the claim. I did observe the Plaintiff in a preliminary injunction hearing in this case, and he would have been better served had he been represented by counsel.

3. **Whether the legal issues are complex.** The complaint describes several difficult factual scenarios which raise questions about whether Plaintiff was faced with a substantial risk of harm, and, if so, whether in the face of that the Defendants treated it with deliberate indifference. The Plaintiff alleges he was bipolar, and was forced to room with an assaultive cell-mate who ultimately assaulted him. He also alleges that when he was moved to USP Lewisburg there was word out that he was an informant. He alleges that he was in danger as a result, but was not given protective consideration. At a hearing on a preliminary injunction, I determined that based on Mr. Howard's evidence, he was unlikely to succeed on the merits. He indicated that where there was a perceived risk of harm, the prison officials took action to assure Mr. Howard's safety. He also alleges that excessive force was used in what appears to be a cell extraction. Despite my determination on the motion for

2

preliminary injunction, these issues have some complexity because of the facts and the relationship of the facts to the issue of deliberate indifference. Moreover the issue of the use of excessive force in the cell extraction was not before me on the motion for preliminary injunction. This factor mitigates in favor of the appointment of counsel.

4. **Need for factual investigation.** A factual investigation is needed. This factor mitigates in favor of the appointment of counsel.

5. **Whether the case will turn on credibility.** There will be issues of credibility because there will be conflicting testimony. In addition, the connection between the existence of any substantial risk of harm to Plaintiff and deliberate indifference on the part of Defendants could be a significant issue of credibility that would be involved not only in the cross examination of witnesses but the presentation of Plaintiff's case.

This fact mitigates in favor of appointment of counsel.

6. **The need for expert testimony.** This is possible if the issue of Plaintiff's mental health is relevant. This factor mitigates in favor of the appointment of counsel.

## CONCLUSION

Because the factors weigh in favor of the appointment of counsel, the motion will be granted.

An appropriate Order follows.

December 29, 2005                            /s/ A. Richard Caputo
Date                                         A. Richard Caputo
                                             United States District Judge

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES V. HOWARD, | |
| Plaintiff | NO. 3:05-CV-1372 |
| v. | (JUDGE CAPUTO) |
| BUREAU OF PRISONS, ET AL., | |
| Defendants. | |

## ORDER

**NOW**, this 29th day of December, 2005, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **GRANTED**.

2. The Clerk of Court is directed to forward: (a) a copy of this Memorandum and Order and (b) a copy of the complaint (Doc. 1) to the Pro Bono Chair of the Federal Bar Association of the Middle District of Pennsylvania, Charles W. Rubendall, Esquire, Keefer, Wood, Allen & Rehal, P.O. Box 11963, Harrisburg, Pennsylvania, 17108.

3. Mr. Rubendall is directed to inform the Court in due course, not to exceed 45 days, whether a volunteer lawyer will enter his or her appearance or, in the alternative, that no volunteer attorney accepts the appointment.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge