# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES V. HOWARD, | |
| Plaintiff, | NO. 3:05-CV-1372 |
| v. | (JUDGE CAPUTO) |
| BUREAU OF PRISONS, et al., | |
| Defendants. | |

## **MEMORANDUM ORDER**

Presently before me is Plaintiff's Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23. For the reasons stated below, this motion will be denied. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331[1] ("federal question jurisdiction").

Plaintiff James Howard is attempting to proceed *pro se* in the present motion. As the Third Circuit Court of Appeals has held, "a *pro se* litigant may not represent the interest of a class in a class action lawsuit." *Ezekoye v. Ocwen Fed. Bank FSB*, 179 Fed. Appx. 111, 112 (2006) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). The rationale for this limitation is that a judgment against a *pro se* litigant may prevent similarly situated individuals from later raising the same claims. FED.R.CIV.P. 23(c)(2). It thus follows that unless a plaintiff can "fairly and adequately protect the interest of the class," he may not represent it. FED.R.CIV.P. 23(a)(4). As the *Oxendine* Court reasoned, "[a]bility to protect the interests of the class depends in part on the quality of counsel, and

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1996).

we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." *Oxendine*, 509 F.2d at 1407.  Plaintiff, as a layman, is not qualified to represent the rights of inmates similarly situated with him.

Accordingly, Plaintiff James V. Howard's motion for class certification pursuant to FED.R.CIV.P. 23 is **DENIED**.

Date: November  15 , 2006

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge